IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CRUZ MELENDREZ,

    Petitioner,

v.     No. 1:25-cv-01150-DHU-JHR

STATE OF NEW MEXICO,

    Respondent.

**MEMORANDUM OPINION AND ORDER**

    This matter is before the Court on Petitioner Cruz Melendrez's Motion for Appeal (Doc. 1) (Motion). Petitioner is a state inmate and is proceeding *pro se*. He asks this Court for permission to file an appeal of his state criminal judgment in Case No. D-503-CR-2020-580. *See* Doc. 1 at 1. On or about July 11, 2025, a jury convicted Petitioner of second-degree trafficking of a controlled substance. *Id.* Petitioner states that after entry of the judgment, he asked his Public Defender to file a notice of appeal. *Id*. The Public Defender did not file the notice. *Id.* Petitioner asks this Court to order the state Office of the Public Defender to file a direct appeal on his behalf. *Id.*

    At this stage, the Federal Court cannot grant the requested relief. A writ of habeas corpus under 28 U.S.C. § 2254 is not available because Petitioner has not yet exhausted state remedies. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997) (Section 2254 is the proper vehicle for challenging a state conviction/sentence in Federal Court); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994) (Before obtaining § 2254 relief, the petitioner must present each federal issue "to the highest state court, either by direct review of the conviction or in a postconviction attack"). The Court also lacks jurisdiction to issue a writ of mandamus under 28 U.S.C. § 1361. The federal mandamus statute only permits Federal Courts to compel action by

a federal official. *See Mathieu v. Brown*, 780 Fed. App'x 665, 666 (10th Cir. 2019) ("The statute does not allow relief against state officials or state agencies."); *Amisub (PSL), Inc. v. Colo. Dep't of Soc. Servs.*, 879 F.2d 789, 790 n. 2 (10th Cir. 1989) (Section 1361's "jurisdictional grant … does not apply to the state defendants").

While this Court cannot compel state counsel to act, appellate review may still be available with the appropriate state court. Petitioner may seek permission to file an out-of-time appeal and to obtain new counsel with the New Mexico Court of Appeals (NMCA). Where, as here, a matter is pending before the incorrect venue, Federal Courts have the option of dismissing the case without prejudice or, if the interests of justice favor such relief, transferring the case to the correct venue. *See Johnson v. Christopher*, 233 Fed. App'x 852, 854 (10th Cir. 2007) ("To be sure, the district court has discretion … to transfer [an inmate's] case" *sua sponte*). Relevant factors when considering a transfer include: "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith…." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). *See also Faulkenburg v. Weir,* 350 Fed. App'x 208, 210 (10th Cir. 2009) (applying the same factors to a transfer).

Considering these factors, the Court finds a transfer is in the interests of justice. Petitioner appears to be acting in good faith, notwithstanding any confusion about where to seek relief on direct appeal. Petitioner can still request permission to file an out-of-time appeal based on counsel's failure to act, even if the 30-day state appeal period is expired. *See, e.g., Schultz ex rel. Schultz v. Pojoaque Tribal Police Dep't,* 242 P.3d 259, 265 (N.M. 2010) (considering whether to permit an out-of-time appeal based on "an unusual circumstance outside Petitioner's control"). The Court will therefore transfer the Motion to the NMCA. Petitioner should file all pleadings in the NMCA

going forward, including any supplemental requests to appoint new appellate counsel or file an out-of-time appeal. In addition to the NMCA transfer, the Court will direct the Clerk's Office to send a courtesy copy of the Motion to the state trial court, Case No. D-503-CR-2020-580, for inclusion in that record.

**IT IS ORDERED** that the Clerk's Office shall **TRANSFER** Cruz Melendrez's Motion for Appeal (Doc. 1) to the New Mexico Court of Appeals, with a **COPY** to New Mexico's Fifth Judicial District Court, Case No. D-503-CR-2020-580.

**IT IS FURTHER ORDERED** that the Clerk's Office shall close this civil case following the transfer.

_____
HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE